# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FNS, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> BOWERMAN TRUCKING, INC., VISION X-PRESS, INC.; N.E.W.S. LOGISTICS, LLC; VICTORIA LEE BAINE; and DOES 1 through 20, <br><br> Defendants. | CASE NO. 09-CV-866 IEG (PCL) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> **(Doc. No. 22)** |

Presently before the Court is Plaintiff FNS, Inc.'s Motion for Leave to File a First Amended Complaint. (Doc. No. 22.) The Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons explained herein, the Court GRANTS the motion.

## BACKGROUND

I.  Factual Background

This matter involves lost cargo containing LG Electronics cellular phones. Plaintiff FNS, Inc. ("Plaintiff") is a logistics company that provides, among other things, freight forwarding services. (Compl. ¶ 9.) About April 2008, Plaintiff entered into an agreement with LG Electronics Mobilecomm U.S.A., Inc. to provide transport services of shipments of phones. About June 30, 2008, Plaintiff and Defendant Bowerman Trucking, Inc. ("Bowerman") entered into a contract in which Bowerman, as Plaintiff's subcontractor or agent, agreed to transport a shipment of phones.

(Compl. ¶ 43.) Plaintiff alleges that Defendant Vision X-Press, Inc., Bowerman's subcontractor or agent, left the shipment unattended at a truck stop, and the shipment was stolen. (Compl. ¶ 46.)

## II. Procedural Background

On February 18, 2009, Plaintiff filed suit in the Superior Court of the State of California, County of Imperial against Defendants Bowerman, Vision X-Press, Inc., N.E.W.S. Logistics, LLC, Victoria Lee Baine, and Does 1-20. (Doc. No. 1.) On April 24, 2009, Bowerman removed the action to this court. (Doc. No. 1.) On May 1, 2009, Bowerman filed an answer (Doc. No.3), and on May 4, 2009, filed a cross-claim against the other defendants in this case (Doc. No. 4.) On May 19, 2009, Plaintiff filed a request for entry of clerk's default as to all defendants except Bowerman. (Doc. No. 6.) Subsequently, on May 21, 2009, the Clerk of Court entered default as to those defendants. (Doc. No. 7.)

On October 2, 2009, Plaintiff filed the instant motion for leave to file a first amended complaint ("FAC"). (Doc. No. 22.) Plaintiff has attached the proposed FAC to its motion. On November 4, 2009, Bowerman filed a notice of non-opposition to Plaintiff's motion. (Doc. No. 23.) The hearing is scheduled for November 16, 2009 at 10:30 a.m.

## DISCUSSION

## I. Legal Standard

Under Fed. R. Civ. P. 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2) (2009). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). However, "not all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." Id. at 1052. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to

1 amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original).  The decision of whether or
2 not to grant leave to amend under Rule 15(a) is within the sound discretion of the district court.
3 California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

4       The touchstone of the Rule 15(a) inquiry is whether the proposed amendment would
5 unfairly prejudice the defendant.  Eminence Capital, 316 F.3d at 1052.  The party who opposes
6 amendment bears the burden of demonstrating the prejudice.  DCD Programs, Ltd. v. Leighton,
7 833 F.2d 183, 187 (9th Cir. 1987).

8 II.    Analysis

9       In the present case, Bowerman does not oppose Plaintiff's motion, and therefore has made
10 no demonstration of prejudice.  Similarly, there has been no strong showing Plaintiff has requested
11 the amendment in bad faith, that Plaintiff has unduly delayed in seeking to amend, or that the
12 amendment would be futile.[1]  Plaintiff states that, in light of documents obtained during discovery,
13 it seeks to amend the complaint in order to simplify the facts and narrow the issues for trial.
14 (Motion for Leave to File FAC at 4:13-23.)  Absent the above showings, there is a presumption in
15 favor of granting Plaintiff leave to amend under Rule 15(a).  See Eminence Capital, 316 F.3d at
16 1052.  Accordingly, the Court grants Plaintiff's motion.

17 **CONCLUSION**

18       For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion for leave to file a
19 FAC.  The Clerk shall docket the proposed first amended complaint attached to Plaintiff's motion
20 as Plaintiff's First Amended Complaint.

22     **IT IS SO ORDERED.**

24 **DATED: November 9, 2009**

25                                         _____
26                                         **IRMA E. GONZALEZ, Chief Judge**
                                          **United States District Court**

---

28     [1] This is Plaintiff's first attempt to amend the complaint, so the Foman factor of "repeated failure to cure deficiencies by amendments" is inapplicable here.