1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   FNS, INC.,                                           CASE NO. 09-CV-0866-IEG (PCL)

12                              Plaintiff,               **ORDER**:

13        vs.                                            **(1) GRANTING IN PART AND
                                                          DENYING IN PART
14                                                        DEFENDANT'S MOTION TO
                                                          DISMISS (Doc. No. 27); and**
15
     BOWERMAN TRUCKING, INC.; VISION                     **(2) GRANTING DEFENDANT'S
16   X-PRESS, INC.; N.E.W.S. LOGISTICS,                   MOTION TO STRIKE (Doc. No.
     LLC; VICTORIA LEE BAINE; and DOES 1                  28).**
17   through 20, inclusive,

18                              Defendants.

19

20        Presently before the Court are Defendant Bowerman Trucking, Inc.'s ("Bowerman") motion

21   to dismiss Plaintiff's first amended complaint (Doc. No. 27) and motion to strike portions of Plaintiff's

22   first amended complaint. (Doc. No. 28.)  Plaintiff filed an opposition to each motion, and Bowerman

23   filed replies.

24        The Court finds the motions suitable for disposition without oral argument pursuant to Local

25   Civil Rule 7.1(d)(1).  For the reasons stated herein, the Court GRANTS IN PART and DENIES IN

26   PART the motion to dismiss, and GRANTS the motion to strike.

27                              **FACTUAL BACKGROUND**

28        This matter involves a shipment of cargo allegedly lost by the defendants.  The following

facts are drawn from the First Amended Complaint ("FAC").

Plaintiff FNS, Inc. ("Plaintiff") is a logistics company that provides freight forwarding, logistics, and transportation services, among other things.  (FAC ¶ 8.)  Plaintiff entered into an agreement with LG Electronics Mobilecomm U.S.A., Inc., to provide transport and freight forwarding services for shipments of consumer electronics.  (FAC ¶ 9.)  About June 30, 2008, Plaintiff and Bowerman entered into a contract under which Bowerman agreed to provide transportation services.  (FAC ¶ 10.)  Plaintiff alleges Bowerman, acting through its agent Defendant Victoria Lee Baine ("Baine"), undertook to transport a shipment of LG Electronics cellular phones.  (FAC ¶ 11.)

Plaintiff alleges Bowerman's subcontractor or agent Defendant Vision X-Press, Inc. ("Vision"), picked up the shipment in Calexico, California, on June 30, 2008.  (FAC ¶ 12.) According to Plaintiff, Vision left the shipping container containing the shipment of cellular phones unattended at a public area, and the shipment was stolen.  (FAC ¶ 14.)

LG Electronics has claimed against Plaintiff the value of the shipment of cellular phones, believed to be in excess of $1,926,540.  (FAC ¶ 17.) Plaintiff has partially or fully paid LG Electronics.  (FAC ¶ 17.)  Subsequently, Plaintiff brought suit against the defendants for indemnity, in addition to other claims.

## PROCEDURAL BACKGROUND

On February 18, 2009, Plaintiff filed suit in the Superior Court of the State of California, County of Imperial against Defendants Bowerman, Vision, N.E.W.S. Logistics, LLC, Baine, and Does 1 through 20. (Doc. No. 1.)  On April 24, 2009, Bowerman removed the action to this Court. (Doc. No. 1.)  Bowerman filed an answer and a cross-claim against the other defendants.  (Doc. Nos. 3 & 4.)  On May 21, 2009, the Clerk of Court entered default as to all defendants except Bowerman, pursuant to Plaintiff's request. (Doc. No. 7.)

On November 9, 2009, upon being granted leave of the Court, Plaintiff filed the FAC. (Doc. No. 25.)  Plaintiff's FAC sets forth seven causes of action: (1) negligence; (2) indemnity under the Carmack Amendment, 49 U.S.C. § 14706; (3) indemnity under state common-law; (4) contribution; (5) declaratory relief; and (6-7) two separate causes of action for breach of contract.

1    On December 1, 2009, Defendant Bowerman filed the instant motion to dismiss pursuant to

2  Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 27), and motion to strike pursuant

3  to Rule 12(f) (Doc. No. 28).

4                                               **DISCUSSION**

5  **I.**      **Motion to Dismiss**

6            A.      Legal Standard

7            A complaint must contain "a short and plain statement of the claim showing that the

8  pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule

9  12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in

10 the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The

11 court must accept all factual allegations pled in the complaint as true, and must construe them and

12 draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty

13 Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a

14 complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state

15 a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

16 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the

17 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

18 Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

19          However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

20 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

21 action will not do."  Twombly, 550 U.S. at 555 (citation omitted).  A court need not accept "legal

22 conclusions" as true.  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  In spite of the

23 deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to

24 assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have

25 violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal.,

26 Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

27          B.      Analysis of Motion to Dismiss

28          Bowerman moves to dismiss Plaintiff's FAC for failure to state a claim upon which relief

1    may be granted, on the ground that the Carmack Amendment preempts Plaintiff's state law claims.

2    The Carmack Amendment is the federal statutory regime governing recovery of damages against

3    an interstate carrier by a shipper.  <u>See</u> 49 U.S.C. § 14706.

4                    1.    Carmack Amendment

5            Congress enacted the Carmack Amendment in 1906 as a response to the varying and

6    diverse state laws addressing liability to shippers for carriers who transported goods across state

7    lines.  <u>See</u> <u>Adams Express Co. v. Croninger</u>, 226 U.S. 491, 505 (1913).  The scheme of the

8    Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any

9    failure to discharge a carrier's duty as to any part of the agreed transportation."  <u>Georgia, Florida,</u>

10   <u>& Alabama Ry. Co. v. Blish Milling Co.</u>, 241 U.S. 190, 196 (1916).

11           The Carmack Amendment imposes strict liability for "actual loss or injury to property."  49

12   U.S.C. § 14706(a).  Additionally, the Carmack Amendment allows the "initial carrier found

13   strictly liable under subpart (a) to be indemnified by the carrier 'over whose line or route the loss

14   or injury occurred."[1]  <u>PNH Corp. v. Hullquist Corp.</u>, 843 F.2d 586, 589 (1st Cir. 1988); <u>see</u> 49

15   U.S.C. § 14706(b).  The statute applies to two types of parties involved in the carriage of interstate

16   cargo: "carriers" and "freight forwarders."[2]  <u>Id.</u> § 14706(a).  The Carmack Amendment does not

17   apply to parties who are neither carriers nor freight forwarders; for example, it does not apply to

18   brokers, defined as persons who sell, provide, or arrange for transportation by carriers.[3]  <u>See</u>

---

20           [1]Section 14706(b), titled "Apportionment," provides: "The carrier issuing the receipt or bill
      of lading under subsection (a) of this section or delivering the property for which the receipt or bill
21    of lading was issued is entitled to recover from the carrier over whose line or route the loss or injury
      occurred the amount required to be paid to the owners of the property, as evidenced by a receipt,
22    judgment, or transcript, and the amount of its expenses reasonably incurred in defending a civil action
      brought by that person." 49 U.S.C. § 14706(b).  Although titled "Apportionment," courts have
23    interpreted § 14706(b) as a "statutory indemnity" provision.  <u>See</u>, <u>e.g</u>, <u>PNH Corp.</u>, 843 F.2d at 589.

24           [2]There are three types of carriers: motor carriers, water carriers, and freight forwarders.  49
      U.S.C. § 13102(3).  A "motor carrier" is "a person providing motor vehicle transportation for
25    compensation."  <u>Id.</u> § 13102(14).  A "water carrier" is "a person providing water transportation for
      compensation."  Lastly, a "freight forwarder" is  "a person holding itself out to the general public
26    (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for
      compensation" and who performs some break-bulk or consolidation operations within the course of
27    its business.  <u>Id.</u> § 13102(8).

28           [3]A "broker" is defined as "a person, other than a motor carrier or an employee or agent of a
      motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by
      solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor

- 4 -                                                    09cv866

1    Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc., 243 F. Supp. 2d 1064, 1069 (C.D. Cal. 2002)

2    (holding that the Carmack Amendment does not apply to brokers); Intercargo Ins. Co. v.

3    Burlington Northern-Santa Fe R.R., 185 F. Supp. 2d 1103, 1113 (C.D. Cal. 2001) (applying

4    California law where the company was neither a carrier nor a freight forwarder).

5                    2.       Preemptive Effect of the Carmack Amendment

6           "A fundamental principle of the Constitution is that Congress has the power to preempt

7    state law." Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 372 (2000).  United States

8    Supreme Court precedent establishes three situations in which state law is preempted.  Congress

9    may preempt state law with an express provision for preemption, or Congress may implicitly

10   preempt state law by field preemption or conflict preemption.  Id. at 372-73.  A federal statute will

11   preempt state action in an entire field where "the scope of a statute indicates that Congress

12   intended federal law to occupy a field exclusively," Freightliner Corp. v. Myrick, 514 U.S. 280,

13   287 (1995).

14          The Supreme Court has held that when the Carmack Amendment was passed, Congress

15   intended to supersede the diverse state and common law remedies against interstate carriers.  See

16   Missouri Pacific R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137 (1964); see also New York, New

17   Haven & Hartford R.R. Co. v. Nothnagle, 346 U.S. 128, 131 (1953).  Accordingly, the Ninth

18   Circuit has held that the Carmack Amendment completely preempts state law claims against

19   interstate carriers.  See Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 688-89 (9th Cir. 2007)

20   (holding that the Carmack Amendment is the "exclusive cause of action" against a carrier of

21   interstate goods, and this extends to "all manner of harms" arising from loss or damage to the

22   shipment); Hughes Aircraft Co. v. N. Am. Van Lines, Inc., 970 F.2d 609, 613 (9th Cir. 1992)

23   (rejecting the argument that the Carmack Amendment does not preempt state law causes of action

24   where the carrier is operating on a contract basis); see also White v. Mayflower Transit, LLC, 481

25   F. Supp. 2d 1105, 1109 (C.D. Cal. 2007) (holding that the Carmack Amendment preempted claims

26   ————————————————

27   carrier for compensation."  49 U.S.C. § 13102(2).  The term "broker" is further limited under the
     Federal Motor Carrier Safety Administration's regulations: "Motor carriers . . . are not brokers within
28   the meaning of this section when they arrange or offer to arrange the transportation of shipments
     which they are authorized to transport and which they have accepted and legally bound themselves
     to transport."  49 C.F.R. § 371.2(a) (West 2010).

09cv866

1   against a carrier for fraud, insurance coverage, general negligence, property damage, and

2   intentional infliction of emotional distress).

3                        3.       Preemption of Plaintiff's State Law Claims

4           Bowerman argues that the Carmack Amendment preempts claims against interstate carriers

5   for harm arising from loss or damage to a shipment, and therefore supersedes every cause of action

6   pleaded in Plaintiff's FAC.

7           Plaintiff does not dispute that this is a lawsuit for harm arising from loss of an interstate

8   shipment, and that Plaintiff acted as a freight forwarder.  (FAC ¶¶ 9, 11.)  Rather, Plaintiff argues

9   that the issue is whether Bowerman acted as a "carrier" or a "broker."  If Bowerman acted as a

10  "carrier," Plaintiff contends, then liability for loss to the cargo is limited to that which is available

11  under the Carmack Amendment.  If, however, Bowerman acted as a "broker," the Carmack

12  Amendment does not apply, and state common-law causes of action would be appropriate.

13  Plaintiff argues that this determination is for the trier of fact, citing to several cases in which

14  summary judgment motions were denied because, in each, there was a genuine issue of material

15  fact as to whether the defendant acted as a "carrier" or a "broker."

16          The Court agrees that the Carmack Amendment does not preempt state law claims against

17  brokers, and there may be an issue of material fact as to whether Bowerman acted as a "carrier" or

18  "broker." However, as Bowerman points out, Plaintiff unambiguously alleges throughout the FAC

19  that Bowerman was a carrier.  Plaintiff alleges Bowerman "[p]rior to 2006 and continuing

20  thereafter . . . held itself out to the public and to Plaintiff FNS as a carrier" (FAC ¶ 10); Bowerman

21  and Vision "agreed to and did act as carriers" (FAC ¶ 19); Plaintiff "entered into a contract with"

22  the defendants to "act as carriers" (FAC ¶ 36); and, again, that Bowerman "held itself out to the

23  public and to Plaintiff FNS as a carrier (FAC ¶ 43)."  Plaintiff incorporates these allegations in

24  each cause of action.  (FAC ¶¶ 18, 24, 30, 32, 35, 42.)

25          The sole mention of the word "broker" in the FAC is in Plaintiff's third cause of action for

26  indemnity, wherein Plaintiff alleges Defendants breached "their obligations as brokers and/or

27  bailees for hire." (FAC ¶ 28.)   However, this allegation must be viewed in conjunction with

28  Plaintiff's other allegations that Bowerman held itself out to be and acted as a carrier.  Plaintiff

1    itself argues that the standard for determining the status of the party is "not . . . what the company

2    labels itself, but by how it represents itself to the world and its relationship to the shipper."

3    Nowhere in the FAC does Plaintiff allege, in the alternative, that Bowerman acted as a broker.

4    Accordingly, based on the facts alleged in the FAC, Plaintiff's state law claims are preempted.

5         On the other hand, Plaintiff's cause of action for indemnity under § 14706(b) of the

6    Carmack Amendment (second cause of action) is properly pled.  Plaintiff alleges it was required to

7    pay the owners of the lost shipment for the loss, and that Bowerman was the carrier responsible for

8    the loss.  (FAC ¶¶ 22, 23.)  In addition, because Plaintiff states a valid Carmack Amendment

9    claim, Plaintiff's cause of action for declaratory relief as to the parties' respective status under the

10   Carmack Amendment (fifth cause of action) also survives. (FAC ¶ 34.)

11        C.      Conclusion

12        The Carmack Amendment preempts Plaintiff's state law claims, and therefore the Court

13   DISMISSES WITHOUT PREJUDICE Plaintiff's causes of action for negligence, indemnity, and

14   contribution, as well as both causes of action for breach of contract (Plaintiff's first, third, fourth,

15   sixth, and seventh causes of action, respectively).   The Court DENIES Bowerman's motion to

16   dismiss with respect to Plaintiff's causes of action for indemnity under the Carmack Amendment

17   and for declaratory relief (second and fifth causes of action, respectively).

18   **II**.    **Motion to Strike**

19        Also before the Court is Bowerman's motion to strike pursuant to Rule 12(f) of the Federal

20   Rules of Civil Procedure.  Bowerman moves to strike Plaintiff's prayer for attorney's fees as

21   unavailable under the Carmack Amendment, which allows recovery of attorney's fees only in

22   limited circumstances.

23        A.      Legal Standard

24        Under Rule 12(f), the Court may "strike from a pleading . . . any redundant, impertinent, or

25   scandalous matter." Fed. R. Civ. P. 12(f) (2009).  A Rule 12(f) motion helps to avoid the time and

26   expense of litigating spurious issues.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.

27   1993), rev'd on other grounds, 510 U.S. 517 (1994).  In ruling on a motion to strike, as with a

28   motion to dismiss for failure to state a claim, courts must view the pleadings under attack in the

light more favorable to the pleader.  See, e.g., Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000) (citing California v. United States, 512 F. Supp. 36, 39 (N.D. Cal. 1981)). Motions to strike are generally viewed with disfavor and "are generally not granted unless it is clear that matter to be stricken could have no possible bearing on the subject matter of litigation." Id. (citing LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N. D. Cal. 1992)).

A motion to strike under Rule 12(f) may be granted, however, where the complaint contains a prayer for relief  "where the damages sought are not recoverable as a matter of law." Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n. 34 (C.D. Cal. 1996).

B.      Analysis of Motion to Strike

Plaintiff requests: (1) attorney's fees incurred in defense of the previous suit against it for the loss of the shipment (FAC at 13:6-11), and (2) attorney's fees pursuant to statute or written contract (FAC at 13:17).  Bowerman moves to strike Plaintiff's prayer for attorney's fees, arguing that the Carmack Amendment preempts any state law claim for attorney's fees, and the Carmack Amendment only allows recovery of attorney's fees where the shipment is of household goods.

Plaintiff contends that attorney's fees are recoverable based on two theories: (1) a party seeking apportionment under the Carmack Amendment may recover attorney's fees in defense of a prior action against the party seeking apportionment, and (2) a prevailing party may recover attorney's fees in California under California Civil Code Section 1717.  The Court addresses each argument in turn.

1.      Attorney's Fees Under the Carmack Amendment

It is a long-established rule in the United States that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."  Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975).  Departure from this rule has been allowed upon a "determination that 'Congress intended to set aside this longstanding American rule of law.'"  Key Tronic Corp. v. U.S., 511 U.S. 809, 815 (1994) (quoting Runyon v. McCrary, 427 U.S. 160, 185-186 (1976)).   In the Carmack Amendment, Congress expressly authorized the recovery of attorney's fees by a shipper of "household goods," if that shipper of household goods timely files a

1  claim and prevails in court.[4]  49 U.S.C. § 14708(d).  Otherwise, the Carmack Amendment limits

2  liability to "actual loss or injury to the property."  Id. § 14706(a)(1).

3       Plaintiff does not allege that it is entitled to attorney's fees as a shipper of household

4  goods.  Rather, Plaintiff argues that the apportionment provision in § 14706(b) allows a carrier to

5  seek attorney's fees from the carrier who actually caused the loss.   Section 14706(b) states: "[t]he

6  carrier issuing the receipt or bill of lading . . . is entitled to recover from the carrier over whose

7  line or route the loss or injury occurred . . . the amount of its *expenses reasonably incurred in*

8  *defending* a civil action brought by [the owners of the property lost or injured]."  Id. § 14706(b)

9  (emphasis added).

10       However, the cases that have recognized the availability of attorney's fees under the

11  Carmack Amendment relate only to § 14708, which authorizes the recovery of attorney's fees by a

12  shipper of "household goods."  Mosso v. Dependable Auto Shippers, Inc., 2007 WL 2746723, at

13  *5 (E.D. Cal. Sept. 19, 2007) (citing to Campbell v. Allied Van Lines Inc., 410 F.3d 618 (9th Cir.

14  2005); Drucker v. O'Brien's Moving and Storage Inc., 963 F.2d 1171 (9th Cir. 1992); Yakubu v.

15  Atlas Van Lines, 351 F. Supp. 2d 482 (W.D. Va. 2004); Nichols v. Mayflower Transit, LLC, 368

16  F. Supp. 2d 1104 (D. Nev. 2003)).  Other district courts in California have held that § 14706 does

17  not provide for attorney's fees, Mosso, 2007 WL 2746723, at *4; OneBeacon Ins. Co. v. Haas

18  Industries, Inc., 2008 WL 4291506, at *1 (N.D. Cal. Sept. 19, 2008), and Plaintiff does not cite to

19  any case law to the contrary.

20       Because Plaintiff's prayer for relief is unavailable under the Carmack Amendment, the

21  

22       [4] Under the Carmack Amendment, the term "household goods" is defined as

23  personal effects and property used or to be used in a dwelling, when a part of the
   equipment or supply of such dwelling, and similar property if the transportation of such
24  effects or property is--

25  (A) arranged and paid for by the householder, except such term does not include
   property moving from a factory or store, other than property that the householder has
26  purchased with the intent to use in his or her dwelling and is transported at the request
   of, and the transportation charges are paid to the carrier by, the householder; or

27  (B) arranged and paid for by another party.

28  49 U.S.C. § 13102(10).  Neither Plaintiff nor Bowerman argue that the shipment that is the subject of
   this action consisted of "household goods" as defined under the Carmack Amendment.

Court grants Bowerman's motion to strike Plaintiff's request for "attorney's fees incurred by FNS, INC. in defending against claims against FNS, INC. for loss of the Cargo." (FAC at 13:6-11.)

### 2. Attorney's Fees Provided in State Statute or Contract

Plaintiff's FAC also contains a prayer for attorneys' fees "pursuant to statute or contract." (FAC at 13:7.) Plaintiff argues in its opposition that California Civil Code section 1717 allows a prevailing party to recover attorney's fees under a written contract that expressly provides for such an award. Section 1717 provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a) (West 2009). Bowerman correctly notes that Section 1717 allows recovery of attorney's fees only where the written contract "specifically provides" such fees are recoverable. However, Plaintiff has not alleged, nor argued in its opposition, that the contract at issue specifically authorized attorney's fees. Even assuming Plaintiff can recover attorney's fees under its surviving Carmack Amendment claims pursuant to state statute, Plaintiff has not alleged facts to support its entitlement to attorney's fees under Section 1717.

Accordingly, the Court GRANTS Bowerman's motion to strike Plaintiff's prayer for "[a]ttorneys' fees pursuant to statute or written contract." (FAC 13:17.)

### CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS:

(1)     Bowerman's motion to dismiss is GRANTED with respect to Plaintiff's first, third, fourth, sixth, and seventh causes of action for negligence, indemnity, contribution, and breaches of contract, respectively.

(2)     Bowerman's motion to dismiss is DENIED with respect to Plaintiff's second and fifth causes of action for indemnity under the Carmack Amendment and for declaratory relief, respectively.

(3)     Bowerman's motion to strike Plaintiff's prayer for attorney's fees is GRANTED.

//

09cv866

1    (4)     The Court grants Plaintiff leave to amend.  Plaintiff shall file the amended complaint **no**

2    **later than 20 days** from the filing date of this order.

3

4            **IT IS SO ORDERED.**

5

6    **DATED:  February 9, 2010**

7                                                     _Irma E. Gonzalez_

8                                                     **IRMA E. GONZALEZ, Chief Judge**
                                                      **United States District Court**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv866